UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-30-BR
No. 4:12-CV-38-BR

| | |
|---|---|
| RONALD KEITH HARGROVE, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | O R D E R |

This matter is before the court on the government's motion to dismiss petitioner's motion filed under 28 U.S.C. § 2255 (DE # 34), its supplement thereto (DE # 37), and the parties' joint filing (DE # 38).

On 1 June 2009, petitioner pled guilty, pursuant to a plea agreement, to Count One of the Indictment, that is, to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (DE # 19.) In exchange for this plea, the government agreed to dismiss at sentencing Count Two of the Indictment which charged petitioner with possession of a stolen firearm in violation of 18 U.S.C. § 922(j). (Id.) On 7 December 2009, the court sentenced petitioner to a term of 55 months imprisonment on Count One and, on the government's motion, dismissed Count Two. (DE # 27.) Petitioner did not appeal.

Petitioner filed the instant § 2255 motion on 16 March 2012, asserting one claim. (DE # 30.) He contends that he is innocent of having been a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id. at 4.) He requests that his conviction and sentence be vacated. (Id. at 13.)

On 19 March 2012, on initial review of the motion, the court directed the U.S. Attorney to file an answer or other appropriate response to the motion. (DE # 32.) On 24 April 2012, the

U.S. Attorney filed the instant motion to dismiss, contending that the § 2255 motion should be dismissed because petitioner waived the right to contest his sentence with a post-conviction motion in his plea agreement and, alternatively, because it was not timely filed. (See DE # 35, at 2-11.) Recently, however, in the supplement to the motion to dismiss, the U.S. Attorney "waive[s] reliance on the statute of limitations defense" and states that he "believes the Court should ultimately reach the merits of the petition and vacate [petitioner's] conviction as to Count One of the judgment herein."[1] (DE # 37, at 4; see also DE # 38, at 2.) The court agrees that petitioner is entitled to relief under Simmons given that none of petitioner's prior convictions documented in the presentence report are for offenses punishable by a term of imprisonment exceeding one year.

Finally, the court recognizes that the parties have agreed to reinstatement of Count Two; to waive preparation of a new presentence report (in lieu of a memorandum from U.S. Probation); to sentencing being held on the same date as arraignment (with a guilty plea anticipated); and to petitioner's receipt of credit for time served on Count One. (DE # 38, at 1-2.)

The § 2255 motion is ALLOWED. The motion to dismiss is DENIED. The judgment entered 10 December 2009 is hereby VACATED. Pursuant to 18 U.S.C. § 3296(a),[2] Count Two

---

[1] Given this position, the court presumes that the government also does not intend to rely on the post-conviction rights waiver in the plea agreement.

[2] The district court is required to reinstate any counts of an indictment or information that are dismissed pursuant to a plea agreement if:
    (1) the counts sought to be reinstated were originally filed within the applicable limitations period;
    (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
    (3) the guilty plea was subsequently vacated on the motion of the defendant; and

(continued...)

of the Indictment is hereby REINSTATED. Arraignment (and sentencing, if petitioner enters a guilty plea) on Count Two is SET for 3 December 2012.

This 15 October 2012.

                                                 W. Earl Britt
                                                 Senior U.S. District Judge

---

[2](...continued)
    (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

18 U.S.C. § 3296(a).

3

Case 4:09-cr-00030-BR   Document 39   Filed 10/15/12   Page 3 of 3